**GLADWELL GOVERNMENT SERVICES, INC., Plaintiff– Appellant,**

v.

**COUNTY OF MARIN; County of Tuolumne, a legal subdivision of the State of California, Defendants–Appellees.**

No. 05–17327.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Jan. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Kevin D. Hughes, Los Angeles, CA, for Plaintiff–Appellant.

Cary M. Adams, Esq., Geoffrey Alan Goodman, Murphy Austin Adams Schoenfeld LLP, Sacramento, CA, for Defendants–Appellees.

Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM \*

Gladwell Government Services, Inc. ("Gladwell") appeals the district court's dismissal of its copyright infringement action for failure to state a claim under Rule 12(b)(6). We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

## I

We review *de novo* a dismissal for failure to state a claim under Rule 12(b)(6). *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005). At this stage, we take as true allegations of material fact in the complaint and construe the pleadings in the light most favorable to the nonmoving party. *Id.* Our review is generally limited to the contents of the complaint, but we "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006). As the parties concede, we may consider the 1999 contract between Gladwell and Marin under the foregoing exception.

## II

The central claim raised on appeal is that Gladwell had authored and obtained copyright protection in certain material ("Pre–Existing Materials") that predated the Marin contract that resulted in the creation of the retention schedules ("Marin Schedules"). The Copyright Act provides that copyright ownership "vests initially in the author or authors of the

work." 17 U.S.C. § 201(a). However, if the work is made "for hire," "the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). Section 101 of the Copyright Act defines a "work made for hire" as "a work specially ordered or commissioned ... if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire...." 17 U.S.C. § 101(2). The plain language of the statute indicates that a work-for-hire agreement cannot apply to works that are already in existence. Works "specially ordered or commissioned" can only be made *after* the execution of an express agreement between the parties. *See Playboy Enters., Inc. v. Dumas,* 53 F.3d 549, 558–59 (2d Cir.1995); *Schiller & Schmidt, Inc. v. Nordisco Corp.,* 969 F.2d 410, 412–13 (7th Cir.1992) ("The writing must precede the creation of the property" to qualify as a work-for-hire agreement). Accordingly, Marin could not acquire copyright ownership in Gladwell's Pre–Existing Materials through a work-for-hire agreement.

■ Additionally, the agreement did not transfer Gladwell's copyright interest in the Pre–Existing Materials to Marin. The agreement provides that "[a]ll reports, information, data, work product, findings, and conclusions furnished to or collected, prepared, assembled, and/or made by [Gladwell's agents] under this Agreement ("Work Product") shall be the property of [Marin]." This language by itself cannot operate to effect a copyright transfer as a matter of law. *See* 17 U.S.C. § 204(a) (requiring that a transfer of copyright ownership must be made in a signed writing); *Effects Assocs., Inc. v. Cohen,* 908 F.2d 555, 557 (9th Cir.1990). Transfer of a copyright interest must be made expressly. *Id.* ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so.").

■ Because Gladwell has alleged a protectable copyright interest in the Pre–Existing Materials that cannot be transferred except in conformity with the requirements of the Copyright Act, Gladwell has standing to sue for copyright infringement and has stated a claim for relief sufficient to withstand a motion to dismiss on the pleadings.

III

Although Gladwell has stated a claim sufficient to avoid a Rule 12(b)(6) dismissal, it is far from evident that it has a legitimate claim. The record is simply too undeveloped to make that conclusion. It is unclear what, if anything, comprises the Pre–Existing Materials, and whether the Pre–Existing Materials or the Marin Schedules are, in fact, copyrightable—that is, whether they involve the requisite "minimal degree of creativity" necessary for copyright protection. *See Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

It is also unclear from the record whether the contract, setting aside the question of the Pre–Existing Materials, actually created a work-for-hire agreement as contemplated by the Copyright Act. The district court's determination was based on a misreading of several parts of the contract. For instance, the district court read the contract to provide that all work product "furnished to [Marin]" shall be the property of Marin, when in fact it states that all work product "furnished to [Gladwell]" shall be the property of Marin. Additionally, the district court reported that Glad-

well cannot "use or publish" the Marin Schedules without Marin's prior authorization, but the contract only prohibits Gladwell from publishing (or making available) the Marin Schedules without Marin's authorization.

All of these matters are committed to the careful consideration of the district court on remand, and we express no opinion on any of these questions. Our holding simply is that Gladwell has standing to sue and its complaint survives the minimal requirements of Rule 12(b)(6).

**REVERSED AND REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.